IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| BRENT E. SMITH and<br>AES RAPTOR, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  Case No. 13-00103-CV-SJ-GAF<br>) |
| CLEASBY MANUFACTURING<br>CO., INC., | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Presently before the Court is Plaintiffs Brent E. Smith and AES Raptor, LLC's Motion to Dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).[1] (Doc. # 13). Plaintiffs request the Court dismiss Defendant Cleasby Manufacturing Co., Inc.'s ("Defendant") counterclaim. (Doc. # 14). Defendant opposes. (Doc. # 15). For the reasons set forth below, Plaintiffs' Motion is GRANTED.

## DISCUSSION

**I.  FACTS**

On February 1, 2013, Plaintiffs filed their Complaint. (Doc. # 1). Defendant filed an Answer to Plaintiffs' Complaint on April 12, 2013. (Doc. # 10 ("Answer")). Defendant's Answer included one (1) counterclaim, requesting declaratory judgment on three (3) issues: (1) patent invalidity; (2) patent non-infringement; and (3) "presecution [sic] history estoppel." (*Id*. at 5). According to Plaintiffs, Defendant's counterclaim is insufficiently pleaded. (Doc. # 14). However, Defendant contends its counterclaim complies with Rule 8's simplicity and brevity

---

[1] Plaintiffs Brent E. Smith and AES Raptor, LLC are referred to collectively as "Plaintiffs."

1

requirements, Federal Rule of Civil Procedure 84, Form 18 in the Appendix of Forms, and Federal Circuit precedent. (Doc. # 15).

Defendant's Answer asserted the following in its counterclaim:

### COUNTERCLAIM

This Counterclaim seeks declaratory judgment in favor of [Defendant] and against Plaintiffs . . . . In support of this Counterclaim, [Defendant] states:

\* \* \*

4. This Counterclaim arises under the Federal Declaratory Judgment Act and the patent laws of the United States of America. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338(a) and 2201 and Federal Rule of Civil Procedure 13. Venue is proper under 18 U.S.C. § 1391.

5. As a result of the allegations made by Plaintiffs in their complaint and statements made previously, an actual controversy exists between Plaintiffs and [Defendant] as to the non-infringement and invalidity of U.S. Patent No. 8,240,431 ("the '431 patent").

### COUNT I

\* \* \*

7. Plaintiff Brent E. Smith states that he is the owner of the '431 patent and owns all right, title and interest to the '431 Patent, including the right to sue for past[,] present, and future infringements.

8. Each asserted claim of the '431 patent is invalid under on[e] or more provisions of the Patent Laws, 35 U.S.C. §§ 101, 102, 103, and 112.

9. [Defendant] has never infringed the '431 and has never contributed to or induced infringement of the of the [sic] '431 patent.

10. Plaintiffs' allegations of infringement are precluded by the doctrine of presecution [sic] history estoppel.

(Answer, pp. 4-5).

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citation omitted). A Rule 12(b)(6) motion should be granted only if the pleading "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2]

## III. ANALYSIS

Plaintiffs argue the standard set forth in *Iqbal* and *Twombly* is the appropriate standard to determine whether Defendant sufficiently pleaded its counterclaim. (Docs. ## 14, 21). On the other hand, Defendant argues Form 18, found in the Appendix of the Federal Rules of Civil Procedure, is the standard by which Defendant must plead its counterclaim. (Doc. # 15). The pleading standard to apply to Defendant's counterclaims is not settled among federal courts. Further, the Eighth Circuit has yet to address this issue.

Several courts have noted that reconciling these different pleading standards is difficult. *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011) (citing *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 542 (E.D. Tex. 2010)); *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010). According to the Federal Circuit, "to the extent . . . *Twombly* and its progeny

---

[2] "'A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law . . . . Therefore, the law of the regional circuit applies.'" *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1335-56 (Fed. Cir. 2007).

conflict with the Forms and create differing pleading requirements, the Forms control." *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (citing *McZeal*, 501 F.3d at 1360). However, a court must not create a conflict between Form 18 and *Twombly* and *Iqbal* where none exists. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013). Further, "[a] complaint containing just enough information to satisfy a governing form may well be sufficient under *Twombly* and *Iqbal*." *Id*. (citing *R+L Carriers*, 681 F.3d at 1334 n.6); *see also Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (holding that Form 13 satisfied Rule 8's notice pleading requirements under *Twombly* and *Iqbal*). The Court will discuss the differing standards.

**A.** *Twombly* **and** *Iqbal*

Under Rule 8(a)(2), a party asserting a claim must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal* and *Twombly* did not change the requirements of Rule 8 but rather interpreted Rule 8 as requiring that a pleading contain sufficient factual content to demonstrate facial plausibility. *Hamilton*, 621 F.3d at 817 (quoting *Iqbal*, 556 U.S. at 678 (*in turn quoting Twombly*, 550 U.S. at 556, 570)). However, a "legal conclusion couched as a factual allegation" and "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. Some courts have concluded that plaintiffs and defendants, when pleading patent claims, must satisfy the *Iqbal* and *Twombly* heightened pleading standard rather than Form 18. *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *3

(N.D. Cal. Mar. 22, 2012) ("In the aftermath of *Twombly* and *Iqbal*, a number of district courts . . . have concluded that Form 18 does not provide adequate notice under the heightened pleading standards articulated in those cases."); *Anticancer Inc. v. Zenongen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding *Twombly*'s plausibility standard applies to all pleadings in patent actions).

**B.     Form 18**

On the other hand, Federal Rule of Civil Procedure 84 "makes clear that a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech*, 714 F.3d at 1283 (citing *R+L Carriers*, 681 F.3d at 1334); *see also* Fed. R. Civ. P. 84 advisory committee's note 1946 amend. ("The amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules which they are drawn, and that the practitioner using them may rely on them to that extent"); *see also Hamilton*, 621 F.3d at 818 (measuring the sufficiency of a negligence claim by looking to the example set forth in Form 13). "Form 18—the controlling form for direct patent-infringement claims—requires little more than a conclusory statement that the defendant infringed the plaintiff's patent." *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012). Specifically, Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*K-Tech*, 714 F.3d at 1283 (quoting *McZeal*, 501 F.3d at 1357) (alteration in original); Fed. R. Civ. P., Form 18. This is a less stringent standard than the plausibility standard set forth in *Iqbal*

5

and *Twombly*. *Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*, No. 12 Civ. 7900(SAS), 2013 WL 2322675, at *3 (S.D.N.Y. May 28, 2013).

In cases when a plaintiff pleads *direct* patent infringement under 35 U.S.C. § 271(a), many courts agree that whether the plaintiff's claim is sufficiently pleaded is measured by Form 18. *See Super. Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (citing *R+L Carriers*, 681 F.3d at 1334); *Gradient Enters., Inc. v. Skype Techs. S.A.*, — F. Supp. 2d —, 2013 WL 1208565, at *4 (W.D.N.Y. 2013) (quoting *R+L Carriers*, 681 F.3d at 1334); *Wis. Tech. Venture Grp. LLC v. Fatwallet, Inc.*, No. 12-cv-326-bbc, 2012 WL 7861248, at *2 (W.D. Wis. Aug. 29, 2012) (citing cases following *R+L Carriers*); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cali. 2010) (quoting *McZeal*, 501 F.3d at 1357); *Realtime Data*, 721 F. Supp. 2d at 542 (citation omitted); *Elan*, 2009 WL 2972374, at *2. However, if a plaintiff pleads *indirect* patent infringement, the *Twombly* and *Iqbal* standard applies because Form 18 only specifically addresses direct patent infringement. *See Super. Indus.*, 700 F.3d at 1295 (citation omitted) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement . . . . Rather, the pleading requirements set forth in [*Twombly*] and [*Iqbal*] apply to such claims."); *R+L Carriers*, 681 F.3d at 1336 (citation omitted) ("Form 18 does not aid [the plaintiff] in this inquiry [of indirect infringement because t]he Forms are controlling only for causes of action for which there are sample pleadings."); *Gradient*, 2013 WL 1208565, at *4 (applying the reasoning in *PageMelding* that Form 18 does not apply to claims of indirect infringement (quoting *R+L Carriers*, 681 F.3d at 1336)); *Elan*, 2009 WL 2972374, at *2 (reasoning that Form 18 only addresses direct patent infringement but not indirect patent infringement, and thus, *Twombly* and *Iqbal* apply to indirect patent infringement claims).

## C. Patent Non-Infringement and Invalidity Counterclaims

In its Answer, Defendant asserts several legal theories as to why it is entitled to a declaratory judgment, including patent non-infringement and patent invalidity. (Answer, p 5). Defendant argues it would be inequitable to require a higher pleading standard than Form 18 for its patent counterclaim when Form 18 is the standard for a plaintiff's patent infringement claims. (Doc. # 15, p. 3). Several courts have addressed whether Form 18 applies to a defendant's patent counterclaims.

### 1. *Counterclaims Alleging Non-Infringement*

Generally, courts have held that Form 18 is the standard to apply to a defendant's patent counterclaim for direct non-infringement. *See Gradient*, 2013 WL 1208565, at *4 (stating it was "sensible, and most equitable . . . to hold that the pleading standards represented by Form 18 also apply to counterclaims seeking a declaration of noninfringement"); *PageMelding*, 2012 WL 3877686, at *2 ("The direct non-infringement portion of [the defendant's] counterclaim must be evaluated under Form 18."); *Fatwallet, Inc.*, 2012 WL 7861248, at *3 ("Although From 18 applies to claims of direct infringement, [the court saw] no reason why the standard should not apply to defendant's noninfringement counterclaim."); *Microsoft*, 741 F. Supp. 2d at 1159 (stating that a defendants counterclaim for declaratory judgment of direct non-infringement need only comply with Form 18). These courts reasoned, impliedly or expressly, that equity necessitated applying Form 18 to a defendant's counterclaims for non-infringement because Form 18 applies to a plaintiff's direct patent infringement claim. *See Gradient*, 2013 WL 1208565, at *4 ("It would make no sense to allow a plaintiff to assert a claim of infringement by pleading only what is required by Form 18, but then to require a defendant seeking a declaration of noninfringement to go beyond that and plead more detailed facts showing that it has not

infringed that patent in suit."); *Fatwallet*, 2012 WL 7861248, at *3 ("If a plaintiff can state a claim for direct infringement by alleging [according to Form 18], [a] defendant may state a mirror-image counterclaim of noninfringement by alleging that its accused product does not infringe [the] plaintiff's patent."); *Microsoft*, 741 F. Supp. 2d at 1159 (citations omitted) (reasoning that if Form 18 applies to direct patent infringement claims, Form 18 should apply to direct non-infringement claims).

Additionally, courts have distinguished between direct and indirect patent non-infringement counterclaims, holding *Iqbal* and *Twombly* applies to indirect non-infringement counterclaims, as opposed to Form 18. *See Gradient*, 2013 WL 1208565, at *4 ("[The court] concludes[s], however, that the stricter *Twombly* standard applies to noninfringement counterclaims, to the extent that they relate to *indirect* infringement."); *PageMelding*, 2012 WL 3877686, at *3 (evaluating the defendant's counterclaim for indirect non-infringement under *Iqbal* and *Twombly*).

### 2. *Counterclaims Alleging Invalidity*

Courts are divided on what standard applies to patent invalidity counterclaims. Some courts applied the more conclusory Form 18 standard, reasoning it would be inequitable to apply the higher *Iqbal* and *Twombly* standard to invalidity claims when Form 18 applies to patent infringement claims. *See Adair v. Boat Dock Innovations, LLC*, Civil Action No. 1:12-cv-1930-SCJ, 2013 WL 1859200, at *2 (N.D. Ga. Feb. 27, 2013) (citations omitted) (discussing Form 18 and concluding "that while it is scarce on facts, the counterclaim at issue sufficiently apprises Plaintiff that it must defend a challenge to validity of the patents-in-suit"); *InvestmentSignals, LLC v. Irrisoft, Inc.*, No. 10-cv-600-SM, 2011 WL 3320525, at *2 (D.N.H. Aug. 1, 2011) ("The better-reasoned view holds that as long as patent claims and counterclaims meet the minimal

pleading standards modeled in Form 18, they adequately state viable causes of action."); *Microsoft*, 741 F. Supp. 2d at 1159 (citation omitted) (stating that "it would be incongruous to require the [*Twombly* and *Iqbal*] heightened pleading" for invalidity claims because direct infringement claims do not require such).

Other courts have permitted a defendant's conclusory patent counterclaims without reference to Form 18. These courts held that a defendant's conclusory assertions were sufficient to meet Rule 8 and *Twombly*'s fair-notice requirement. *See Helferich Patent Licensing, LLC v. J.C. Penney Corp.*, No. 11 CV 9143, 2012 WL 3776892, at *3 (N.D. Ill. Aug. 28, 2012) ("Though brief, the invalidity counterclaims provide [the plaintiff] sufficient notice that [the defendant] seeks a declaration of invalidity of their patents . . . ."); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, Civil Action No. 1:10-cv-3008-AT, 2011 WL 5829674, at *3 (N.D. Ga. Aug. 1, 2011) ("[T]he court holds that invalidity counterclaims . . . that allege only their statutory bases are adequate to survive a Rule 12 motion . . . [and s]uch pleadings conform with Rule 8 . . . by giving the defendant fair notice . . . ."); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010) (finding counterclaims that alleged: (1) the defendant "will not infringe any valid" patent and (2) the plaintiff's patents were "invalid for failure to comply with one or more of the conditions of patentability" were sufficient because those allegations put the plaintiff "on notice" under *Twombly*); *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, Civil Action No. 09-1008 (JAG), 2010 WL 1372316, at *4 (D.N.J. Mar. 31, 2010) (concluding the defendant's counterclaim for non-infringement and invalidity met Rule 8(a)'s requirements and gave the plaintiff notice of its claims despite lacking any supporting facts); *Teirstein v. AGA Med. Corp.*, Civil Action No. 6:08cv14, 2009 WL 704138, at *5 (E.D. Tex. Mar. 16, 2009) (stating that the defendant's

counterclaim, which asserted the patent was invalid under one (1) or more of the statutory requirements, was sufficient to give the plaintiff fair notice).

Often, however, the courts that permitted conclusory patent counterclaims did so, at least in part, because their courts' local patent rules required more detailed disclosures at a later stage. *See Adair*, 2013 WL 1859200, at *2 ("[T]he dearth of detail Plaintiff complains of will be filled before this action proceeds much further [because t]his Court's Patent Local rules require a defendant to support its claim of invalidity early on by serving detailed invalidity contentions."); *Helferich*, 2012 WL 3776892, at *3 (stating that brief invalidity counterclaims were appropriate because they would be "further developed with appropriate specificity" later on under the local patent rules); *Graphic Packaging*, 2011 WL 5829674, at *3 ("In conjunction with this District's Patent Local Rules, the pleadings also satisfy the purpose underlying the pleading standard set out in *Twombly* and *Iqbal*."); *Pfizer*, 726 F. Supp. 2d at 938 ("[D]ismissal of [the defendant's] counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage."); *Elan Pharma*, 2010 WL 1372316, at *5 (stating that to dismiss the defendant's patent counterclaims at the pleading stage "undermines logic . . . and the District of New Jersey Local Patent Rules"); *Teirstein*, 2009 WL 704138, at *5 ("[T]he requirements of this Court's Local Patent Rules lend further support to the conclusion that the detailed factual assertions Plaintiff asserts are missing are not required . . . ."). The Western District of Missouri does not have local patent rules. Thus, the holdings of these cases are not very persuasive to the extent they rely on their own local patent rules.

Conversely, many courts hold a defendant's patent invalidity counterclaim to the *Iqbal* and *Twombly* pleading standard. For example, the district court for the Western District of New York in *Gradient* took a "middle ground" approach to a defendant's patent counterclaims.

*Gradient*, 2013 WL 1208565, at *3-4. According to the court in *Gradient*, Form 18 must only be construed as measuring the sufficiency of direct patent infringement and non-infringement claims. *Id*. at 4 (quoting *R+L Carriers*, 681 F.3d at 1336). *Gradient* relied upon the Federal Circuit's decision in *R+L Carriers*, which limited Form 18's application to only direct patent infringement cases and refused to extend Form 18 to indirect patent infringement claims. *Id*. Attempting to be consistent with Federal Circuit precedent as well as promoting a compromising rationale, the court in *Gradient* concluded Form 18 applied only to a defendant's direct non-infringement patent counterclaim but did not apply to indirect non-infringement or invalidity counterclaims. *Id*. The *Iqbal* and *Twombly* standard, on the other hand, applied to indirect non-infringement and invalidity counterclaims. *Id*. Other courts have held similarly. *See Hon Hai Precision*, 2013 WL 2322675, at *8 (stating that the Federal Circuit's holding was persuasive and was expressly limited to direct infringement claims and the court was bound to apply *Twombly* to invalidity claims); *Gemcor II, LLC v. Electroimpact Inc.*, 11-CV-2520-CM, 2012 WL 628199, at *2 (D. Kan. Feb. 27, 2012) ("Form 18 applies to patent infringement claims. It is not an example complaint for a patent invalidity claim . . . . Accordingly, [the defendant's] invalidity counterclaim must comply with the pleading standard discussed in *Twombly* and *Iqbal* to survive a motion to dismiss."); *Fatwallet*, 2012 WL 7861248, at *3 (applying Rule 18 to non-infringement counterclaims but *Iqbal* and *Twombly* to invalidity counterclaims); *accord Cleversafe. Inc. v. Amplidata, Inc.*, No. 11 C 4890, 2011 WL 6379300, at *2 (N.D. Ill. Dec. 20, 2011) (adopting the *Iqbal* and *Twombly* standard for patent invalidity counterclaims); *Tyco Fire*, 777 F. Supp. 2d at 904-05 (applying *Iqbal* and *Twombly* to an invalidity counterclaim despite Form 18).

D.     **Whether Form 18 or *Iqbal* and *Twombly* Applies to Defendant's Counterclaims**

*1. Direct Patent Non-Infringement*

The Court finds the standard set forth under Form 18 applies to Defendant's counterclaim for direct patent non-infringement. As discussed above, most courts that have addressed this issue have agreed Form 18 applies equally to a defendant's counterclaim for direct non-infringement just as Form 18 would apply to a plaintiff's claim for direct infringement. *See Gradient*, 2013 WL 1208565, at *4; *PageMelding*, 2012 WL 3877686, at *2; *Fatwallet*, 2012 WL 7861248, at *3; *Microsoft*, 741 F. Supp. 2d at 1159.

Applying Form 18 also comports with Eighth Circuit precedent in *Hamilton*. In *Hamilton*, the Eighth Circuit concluded it was proper to look to the forms to determine "how the general principles of *Twombly* and *Iqbal* apply to the pleading" involving whether a party was an employee or an independent contractor in a common law negligence claim. *Hamilton*, 621 F.3d at 818. The court considered Form 13, which exampled a "'Complaint for Negligence Under the Federal Employers' Liability Act [("FELA")].'" *Id*. Form 13 included an allegation that the defendant was "an employer," as opposed to an independent contractor. *Id*. According to the Court, even though Form 13 addressed a FELA negligence claim, it equally applied to any negligence claim involving an employer because it contained an example alleging the defendant was an employer. *Id*. Accordingly, the court concluded the plaintiff had sufficiently alleged the defendant was his employer consistent with Form 13 for a common law negligence claim. *Id*.

The same reasoning applies here. Form 18 sets forth a "Complaint for Patent Infringement" and includes a single allegation that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using [a device] that embody the patented invention." Fed. R. Civ. P., Form 18. While a counterclaim for non-infringement is not identical to an infringement claim, the two (2) should include the same allegations with converse

language.  A defendant asserting a counterclaim for direct non-infringement need only mirror the example of a complaint for direct patent infringement under Form 18 by using converse language.  *See Fatwallet*, 2012 WL 7861248, at *3 (determining that a counterclaim of non-infringement may be "a mirror-image" of a claim for direct infringement); Fed. R. Civ. P., Form 30 (stating that a party may "[s]et forth any counterclaim in the same way a claim is pleaded in a complaint").  Accordingly, to survive a motion to dismiss, Defendant must plead its direct non-infringement counterclaim sufficiently under Form 18.

The Court finds Defendant's direct patent non-infringement counterclaim fails to comply with Form 18.  As discussed above, Form 18 requires very little.  Defendant need only allege it has not infringed the '431 Patent in some manner, such as making, selling, or using a product that allegedly embodied Plaintiff's patented invention.  *See* Fed. R. Civ. P., Form 18.  Here, Defendant merely alleged, in a wholly conclusory manner, it has "never infringed the '431 patent" without any recitation of how it has not infringed the '431 Patent.  Accordingly, Defendant's direct non-infringement claim failed to state a claim for relief under Form 18.

### *2. Indirect Patent Non-Infringement, Patent Invalidity, and Estoppel*

Defendant also alleges indirect patent non-infringement, patent invalidity, and estoppel counterclaims.  The Court concludes the conclusory pleading standard set forth under Form 18 does not apply to indirect patent non-infringement, invalidity, or estoppel counterclaims.  Rather, the standard set forth under *Iqbal* and *Twombly* applies.

An indirect patent infringement or non-infringement claim necessarily involves potential third parties that were either induced to infringe or contributed to the infringement of a patent with the accused party.  This is not the kind of claim that is embodied in Form 18.  *See* Fed. R. Civ. P., Form 18.  A party attempting to mirror a pleading for indirect patent infringement or

non-infringement cannot rely on Form 18 in an attempt to be immunized from attack because Form 18 does not include allegations of third-party involvement. *See Fatwallet*, 2012 WL 7861248, at *3 (reasoning Form 18 is limited to direct infringement and would not apply to indirect infringement or invalidity counterclaims); Fed. R. Civ. P. 84 advisory committee's note 1946 amend. Thus, Form 18 does not apply.

This same reasoning applies to an invalidity counterclaim. A patent may be invalid for a host of reasons, including the alleged patent: (1) was not new or useful; (2) was already patented or in a printed publication; (3) was in public use, on sale, or otherwise available to the public; (4) was obvious; or (5) failed to include the statutory specifications. *See* 35 U.S.C. §§ 101, 102, 103, 112. Nothing in Form 18 addresses invalidity or any reasons why a patent might be invalid. *See Gemcor*, 2012 WL 628199, at *2 ("Form 18 applies to patent infringement claims. It is not an example complaint for a patent invalidity claim."). Likewise, nothing in Form 18 addresses an estoppel theory. Because Form 18 only examples direct infringement and non-infringement claims, Form 18 is in no way analogous to invalidity or estoppel counterclaims. Therefore, Form 18 does not apply to Defendant's invalidity or estoppel counterclaims.

Further, the Federal Circuit's holding in *R+L Carriers*, though non-binding, is "highly persuasive in view of the Federal Circuit's status as the sole intermediate court of appeals for patent cases." *Hon Hai Precision*, 2013 WL 2322675, at *8. In *R+L Carriers*, the Federal Circuit expressly limited the application of Form 18 to direct patent infringement claims. *Id*. Other district courts have applied this reasoning to a defendant's patent counterclaims and limited Form 18 to only direct non-infringement claims and refused to extend Form 18 to other kinds of patent counterclaims including invalidity and indirect non-infringement counterclaims. *See Gradient*, 2013 WL 1208565, at *4 (declining to extend Form 18 to invalidity and indirect

non-infringement); *PageMelding*, 2012 WL 3877686, at *3 (same); *accord Gemcor*, 2012 WL 628119, at *2 ("Form 18 applies to patent infringement claims. It is not an example complaint for a patent invalidity claim."). The Court agrees with the Federal Circuit and other district courts and finds Form 18 is expressly limited to direct patent infringement and non-infringement claims. Therefore, the standard set forth under *Iqbal* and *Twombly* applies to Defendant's indirect patent non-infringement, invalidity, and estoppel counterclaims.

As discussed above, Defendant merely alleged it "has never contributed or induced infringement of the of the [sic] '431 patent." (Answer, p. 5). Defendant's allegation merely states a legal conclusion with no supporting facts, which does not suffice under *Iqbal* and *Twombly*. Defendant's allegations do not provide the Court sufficient factual content by which the Court could determine that Defendant's claim is facially plausible. Accordingly, Defendant failed to state a claim for relief for indirect patent non-infringement.

Additionally, Defendant's invalidity counterclaim fails. Defendant alleged "the '431 patent is invalid under on[e] or more provision of the Patent Laws, 35 U.S.C. §§ 101, 102, 103, and 112." (Answer, p. 5). As discussed above, there are a host of reasons why a patent may be invalid, but Defendant failed to state any reason why the '431 Patent was invalid. "A counterclaim that 'asserts no factual allegation on which th[e] Court or Plaintiff can pin the invalidity of any claim of the patent' is insufficient." *Gradient*, 2013 WL 1208565, at *4 (quoting *PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, No. 3:11-cv-273-J-37TEM, 2012 WL 243346, at *4 (M.D. Fla. Jan. 25, 2012) (additional citations omitted). Defendant's allegation that the '431 Patent was invalid is a mere label and conclusion with no factual content demonstrating why Plaintiff is entitled to relief. *See Fatwallet*, 2012 WL 7861248, at *3 (dismissing a defendant's invalidity counterclaim because it provided "no allegations that would

suggest why plaintiff's patent may be unenforceable" but rather impermissibly "relie[d] on the bare assertion that the claims are unenforceable for one or more unspecified reasons"). Thus, Defendant failed to state a claim for relief for invalidity under *Iqbal* and *Twombly*.

Similarly, Defendant's counterclaim for estoppel also fails. Defendant asserts "Plaintiff's allegations of infringement are precluded by the doctrine of presecution [sic] history estoppel." (Answer, p. 5). Defendant's counterclaim is wholly conclusory, containing no factual support evincing why or how Plaintiff's claims are precluded by estoppel. Therefore, Defendant's estoppel counterclaim fails to state a claim for relief under *Iqbal* and *Twombly*.

Defendant argues it need not provide more than its present conclusory allegations because courts have developed methods for the parties to provide more detailed contentions at a later time during litigation. (Doc. # 15). As discussed above, the Western District of Missouri does not have local patent rules that would apply here. However, in the present matter, the Court issued a Scheduling Order that provides for detailed exchanges between the parties regarding their initial and final infringement and invalidity claims later during litigation.[3] (Doc. # 20 ¶ 5). Requiring parties to exchange detailed disclosures later during litigation is consistent with Rule 8 and *Iqbal* and *Twombly*'s requirement for a short, plain statement that is plausible on its face during this early pleading stage. The initial pleading process under Rule 8 "does not require 'detailed factual allegations.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This standard merely requires some factual content from which a court can draw a reasonable inference that the party is entitled to relief. *See id*. (citing *Twombly*, 550 U.S. at 556, 570). As

---

[3] Plaintiff must disclose its initial infringement contention to Defendant by August 15, 2013, and Defendant must disclose its initial invalidity contention to Plaintiff by August 30, 2013. (Doc. # 20 ¶ 5). Additionally, Plaintiff and Defendant must disclose the final infringement or invalidity contentions to the other party by April 4, 2014, or twenty-one (21) days after the close of discovery. (*Id*.).

discovery progresses, a party will necessarily have more facts and details to support its claim. Thus, a scheduling order requiring parties to exchange more details merely iterates the ongoing fact-enhancement process of litigation and discovery. The Court's Scheduling Order does not negate the need for a minimal factual contention to support a claim for relief under Rule 8 and *Iqbal* and *Twombly*. To hold otherwise would undermine *Iqbal* and *Twombly*, which this Court is bound to follow.

## **CONCLUSION**

Form 18 applies to direct infringement and non-infringement claims, where as *Iqbal* and *Twombly* apply to all other patent claims including indirect infringement and non-infringement, invalidity, and estoppel claims. Using Form 18 as the applicable standard, Defendant's counterclaim for direct patent non-infringement fails to state a claim because it did not comply with the allegations exampled in the Form. Under *Iqbal* and *Twombly*, Defendant's patent invalidity, indirect patent non-infringement, and estoppel counterclaims fail to plead any facts to support their wholly legal conclusions. Accordingly, for these reasons and the reasons set forth above, Plaintiffs' Motion is GRANTED.

s/ Gary A. Fenner  
GARY A. FENNER, JUDGE  
UNITED STATES DISTRICT COURT

DATED: July 17, 2013